**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4535**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TAMARRIUS DAQUES SHORTER,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:20-cr-00224-BO-1)

Submitted: August 16, 2022            Decided: September 14, 2022

Before WYNN and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Joshua B. Howard, GAMMON, HOWARD & ZESZOTARSKI, PLLC, Raleigh, North Carolina, for Appellant. Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tamarrius Daques Shorter pled guilty to possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Shorter to 84 months of imprisonment, and he now appeals. We affirm.

On appeal, Shorter challenges the procedural reasonableness of his sentence, arguing that the district court failed to adequately explain the sentence and respond to Shorter's arguments in mitigation at sentencing. A criminal sentence is procedurally unreasonable if the district court commits a "significant procedural error," such as "improperly calculating the [Sentencing] Guidelines range, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Williams*, 5 F.4th 500, 505 (4th Cir.), *cert. denied*, 142 S. Ct. 625 (2021). "A district court is required to provide an individualized assessment based on the facts before the court, and to explain adequately the sentence imposed to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (internal quotation marks omitted). While a sentence within the Guidelines range requires less explanation than one outside that range, in reviewing a district court's sentencing rationale, we "cannot rely on the mere fact that the sentence falls within the Guidelines range." *Id.*

Moreover, during sentencing, the "district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why it has rejected those arguments." *United States v. Webb*, 965 F.3d 262, 270 (4th Cir. 2020) (cleaned up). "The explanation is sufficient if it, although somewhat briefly, outlines the

defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (internal quotation marks omitted). When the court has fully addressed the defendant's "central thesis" in mitigation, it need not "address separately each supporting data point marshalled on its behalf." *United States v. Nance*, 957 F.3d 204, 214 (4th Cir. 2020). Ultimately, "[t]he adequacy of the sentencing court's explanation depends on the complexity of each case and the facts and arguments presented." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted).

Generally, we review a criminal sentence for reasonableness "under a deferential abuse-of-discretion standard." *Williams*, 5 F.4th at 505. However, "when a party does not preserve an argument in the district court, we review only for plain error." *United States v. Lynn*, 592 F.3d 572, 577 (4th Cir. 2010). Here, as Shorter did not request a sentence different than that imposed by the district court, our review is for plain error. *See id.* at 578 ("By drawing arguments from § 3553(a) for a sentence different than the one ultimately imposed, an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation addressing those arguments, and thus preserves its claim.").

"To establish plain error, [Shorter] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." *United States v. Muhammad*, 478 F.3d 247, 249 (4th Cir. 2007). Even if Shorter satisfies these requirements, "correction of the error remains within our discretion, which we should not exercise unless the error

3

seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (cleaned up). We have thoroughly reviewed the record and conclude that the district court did not plainly err in sentencing Shorter. *See United States v. Powell*, 650 F.3d 388, 395 (4th Cir. 2011) (finding no plain error when defendant obtained within-Guidelines sentence that counsel requested).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*